# NOS. 12-13-00355-CR
# 12-13-00356-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN BERNARD MABRY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Kevin Bernard Mabry appeals his convictions for aggravated robbery (cause number 12-13-00355-CR) and burglary of a habitation (cause number 12-13-00356-CR). Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

A Smith County grand jury returned two indictments against Appellant for the offenses of aggravated robbery (cause number 12-13-00355-CR) and burglary of a habitation (cause number 12-13-00356-CR). Appellant waived his right to jury trial and pleaded guilty to both offenses. Pursuant to a plea bargain, the trial court placed Appellant on deferred adjudication for a period of ten years in cause number 12-13-00355-CR and on community supervision for a period of ten years in cause number 12-13-00356-CR.

The State filed an application to proceed to final adjudication in cause number 12-13-00355-CR and an application to revoke community supervision in cause number 12-13-00356-CR. Appellant pleaded true to the allegations contained in each of the State's applications. The

trial court found the State's allegations true and adjudicated Appellant guilty of aggravated robbery in cause number 12-13-00355-CR. The trial court assessed punishment in cause number 12-13-00355-CR at thirty years of imprisonment and assessed punishment in cause number 12-13-000356-CR at ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has reviewed the appellate record and that he is unable to find any reversible error or jurisdictional defects. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states why counsel is unable to present any arguable issues for appeal.[1] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is *granted*, and the judgments of the trial court are *affirmed*. *See* TEX. R. APP. P. 43.2(a).

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any

---

[1] Counsel states in his motion to withdraw that he provided Appellant with a copy of his brief. Appellant was given time to file his own brief in this cause. The time for filing such brief has expired, and we have received no pro se brief.

2

petition for discretionary review must be filed within thirty days after either the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00355-CR**

**KEVIN BERNARD MABRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0016-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00356-CR**

**KEVIN BERNARD MABRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0017-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*